UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREEM BYNUM, )<br>an individual, )<br>                                               )<br>            Plaintiff, )<br>vs.                                           )<br>                                               )<br>WASHINGTON PLAZA ASSOCIATES, LP, )<br>an Indiana Limited Partnership, )<br>                                               )<br>            Defendant. )<br>_____) | CASE NO. 1:13-cv-185 |

## COMPLAINT

Plaintiff, KAREEM BYNUM through his undersigned counsel, hereby files this Complaint and sues WASHINGTON PLAZA ASSOCIATES, LP, an Indiana Limited Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, KAREEM BYNUM, (hereinafter referred to as "MR. BYNUM"), is a resident of Florida.

1

4. KAREEM BYNUM is a qualified individual with a disability under the ADA and Florida Statutes. In 2003, MR. BYNUM suffered a gunshot wound to his back resulting in trauma to his T4 and T5 vertebrae which resulted in his paralysis from the waist down.

5. MR. BYNUM's disability, at all times material hereto, impairs his ability to walk and stand, a major life activity, and requires him to use a wheelchair to ambulate.

6. Defendant WASHINGTON PLAZA ASSOCIATES, LP, (hereinafter referred to as "WASHINGTON PLAZA" or "DEFENDANT") is an Indiana Limited Partnership registered to do business in the State of Indiana. Upon information and belief, WASHINGTON PLAZA is the owner, lessee, and/or operator of the real property and improvements, a shopping plaza, which is the subject of this action, to wit: the "Property" Washington Plaza, generally located at 10030 E. Washington Street, Indianapolis, Indiana 46229. Defendant is responsible for complying with the obligations of the ADA.

8. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

**COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

9. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

10. The Property is a shopping center and is open to the public and provides goods and services to the public.

11. Plaintiff MR. BYNUM visited the Property numerous times and has attempted to utilize the facilities offered at the Property.

12. Plaintiff MR. BYNUM often visits Indianapolis, Indiana to see his friends and family who reside there.

13. While at the property, MR. BYNUM experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

14. MR. BYNUM continues to desire to visit the Property, but fears that he will continue to encounter serious difficulty due to the barriers discussed herein, which still exist.

15. MR. BYNUM plans to and will visit the Property in the near future to utilize the goods and services offered thereon.

16. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

    A. Plaintiff encountered difficulty parking throughout the Property, especially near Tires Plus and JoAnn Fabrics, due to parking designated as accessible containing excessive slopes;

    B. Plaintiff encountered difficulty parking throughout the Property, especially near Tires Plus and JoAnn Fabrics, due to parking designated as accessible on pavement that is in severe disrepair; and

    C. Plaintiff experienced inaccessible curb cuts throughout the Property including, but not limited to, those near JoAnn Fabrics and Tires Plus, due to excessive slopes, steep side flares, and failure to provide a smooth transition and level landing.

17. Defendant either does not have a policy to assist people with disabilities or refuse to enforce such a policy if it does exist.

18.     Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

19.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

20.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

21.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A.  That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B.  That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D.  That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.  That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**KU & MUSSMAN, P.A.**
*Attorneys for Plaintiff*
12250 Biscayne Blvd., Suite 406
Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512

By:  */s/ Eric C. Bohnet*
**KU & MUSSMAN, P.A.**
*Attorney for Plaintiff*
Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana  46237
Tel: (317) 750-8503
ebohnet@gmail.com